UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **CAVENDER ENTERPRISE LEASING FAMILY, LLC** | * | CIVIL ACTION NO.  10-1667 |
| **VERSUS** | * | JUDGE ROBERT G. JAMES |
| **FIRST STATES INVESTORS 4200 LLC, ET AL.** | * | MAG. JUDGE KAREN L. HAYES |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a notice of intent to dismiss for lack of subject matter jurisdiction.  *See* June 7, 2011, Order [doc. # 28]). For reasons stated below, it is recommended that this matter be DISMISSED, without prejudice, for lack of subject matter jurisdiction.  Fed.R.Civ.P. 12(h)(3).

## Background

On November 1, 2010, plaintiff Cavender Enterprise Leasing Family, LLC ("Cavender") filed the instant diversity suit, 28 U.S.C. § 1332, to obtain a determination that it is the owner of certain immovable property located at 1500 North 18th Street, Monroe, Louisiana.  (Compl.). Cavender named as defendants, First States Investors 4200 LLC ("First States") – the seller from whom Cavender traces its ownership; Regions Bank and Regions Financial Corporation (collectively, "Regions") – the combined entity that purportedly exercised a right of first refusal or option to purchase the subject property; and Chicago Title Insurance Co. ("Chicago Title") – the insurance company that issued title insurance on the property.  *Id*.

On November 3, 2010, plaintiff filed an amended complaint to correct its address. (Amend. Compl. [doc. # 4]).  On December 8, 2010, and January 3, 2011, defendants, Chicago

Title and First State, respectively, answered the complaint. *See* doc. #s 9 & 13. On February 26, 2011, Regions filed its answer, a counterclaim, and a cross-claim against First States. (Regions' Answer [doc. # 14]). Regions also denied that there was complete diversity between the parties. *Id.*, ¶ 5.[1]

During a May 17, 2011, telephone status conference, the undersigned observed that plaintiff's complaint, as amended, failed to allege: 1) the members and citizenship of the LLC plaintiff, or of defendant, First States; 2) the principal places of business of defendants, Regions Bank or Regions Financial Corporation; and 3) the state of incorporation of defendant, Chicago Title. (Minutes of Proceedings [doc. # 21]). Accordingly, the undersigned granted plaintiff leave to amend to correct the deficient jurisdictional allegations. *Id.*[2]

On June 2, 2011, plaintiff filed a Second Amended Complaint ("SAC") that remedied the deficient jurisdictional allegations for all parties, save defendant, First States. *See* SAC, ¶¶ 1-4. As to First States, plaintiff alleged that it was a Delaware limited liability company whose "members are all residents of the State of Delaware." (SAC, ¶ 4). Plaintiff explained its patently deficient allegation in a footnote, "[p]ursuant to Delaware law, limited liability companies are not required to disclose its membership. (*See* 6 Del.C. 18-201, *et seq*.). However, First States' counsel confirmed that its members are all *residents* of the State of Delaware." *Id*. (emphasis

---

[1] However, for purposes of the parties' Rule 26(f) report, Regions did not dispute that the court enjoyed subject matter jurisdiction. (Rule 26(f) Report [doc. # 16]).

[2] Further, upon oral motion of the plaintiffs in this, and a related case, Civil Action Number 11–0573, the undersigned consolidated the two matters for further proceedings. *Id*. However, because of plaintiff's continued inability to establish diversity jurisdiction in this case, the two suits have been unconsolidated. *See* Order, issued this date.

added).

On June 7, 2011, the undersigned noted that simply because Delaware does not require limited liability companies to disclose their membership does not relieve plaintiff of its burden to properly allege diversity jurisdiction. (June 7, 2011, Order [doc. # 28]). Indeed, this is a jurisdictional consequence of the public record laws of most states. *Id*. (citing *Lewis v. Allied Bronze LLC*, 2007 WL 1299251, *2 (E.D. N.Y. May 2, 2007)). The undersigned further emphasized that an allegation that the members of an LLC are all "residents" of Delaware was insufficient to establish the citizenship of First States' members. *Id*.[3]

Accordingly, the undersigned again granted Cavender leave of court to amend its complaint to establish diversity jurisdiction. *Id*.[4] The undersigned cautioned that by filing its Third Amended Complaint, plaintiff will have implicitly acknowledged that it has conducted any necessary jurisdictional discovery, and that the pleading represents plaintiff's best, complete, and final effort to establish jurisdiction. *Id*. The court added that if Cavender failed to comply, or if jurisdiction was found to be lacking, then dismissal would be recommended. *Id*.

---

[3] This is because if First States' members were individuals, then their citizenship is determined by their domiciles, not their residences. *Mas v. Perry*, 489 F.2d 1396 (5th Cir. 1974); *Nadler v. American Motors Sales Corp.*, 764 F.2d 409, 413 (5th Cir. 1985) ("An allegation that the parties are 'residents' of particular states does not satisfy the requirements of Rule 8(a); section 1332(a) demands diverse citizenship, not diverse residency"). Alternatively, if First States' membership is comprised of corporations or other LLCs, then an allegation setting forth their "residence" did not satisfy the pleading requirements for diversity. *See Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (a corporation is a citizen of its state of incorporation and its principal place of business); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d1077, 1080 (5th Cir. 2008) (citizenship of an LLC is determined by the citizenship of all of its members)

[4] The court afforded plaintiff 30 days from June 7, 2011, to so comply. *Id*.

On July 7, 2011, Cavender filed its Third Amended Complaint ("TAC"). [doc. # 30]. The TAC alleges that First States is owned by undisclosed LLCs, limited partnerships and real estate investment trusts, that were formed either in Delaware or Maryland, and which are ultimately owned by Gramercy Capitol Corporation, a Maryland corporation, with its principal place of business in New York. (TAC, ¶ 4). The matter is now before the court.

## Law and Analysis

Federal courts are obliged to examine the basis for the exercise of federal subject matter jurisdiction. *Smith v. Texas Children's Hospital*, 172 F.3d 923, 925 (5th Cir. 1999). A lack of subject matter jurisdiction may be raised at any time. *Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999). Furthermore, a court must raise the issue *sua sponte* if it discovers that it lacks subject matter jurisdiction. *Id.*

It is axiomatic that federal courts are courts of limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The burden of establishing federal jurisdiction rests on the party invoking the federal forum. *Id*. When jurisdiction depends on citizenship, "citizenship must be '*distinctly* and *affirmatively* alleged.'" *Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted) (emphasis in citing source); *see also*, *Illinois Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir.1983) (the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference); *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975) (alleging that defendant is incorporated in a state "other than" that of plaintiff is insufficient). This rule requires "strict adherence." *Getty Oil,*

*supra*.

For purposes of diversity, the citizenship of a limited liability company ("LLC") is determined by the citizenship of all of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Moreover, for each member of an LLC that is itself an LLC or partnership, its members and their citizenship must be identified and traced up the chain of ownership until one reaches only individuals and/or corporations. *See Lewis, supra*; *see also*, *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009) (*Mullins II*) (suggesting that to discern the citizenship of an LLC, the court must trace citizenship "down the various organizational layers"); *Feaster v. Grey Wolf Drilling Co.*, 2007 WL 3146363, *1 (W.D. La. Oct. 25, 2007) ("citizenship must be traced through however many layers of members or partners there may be").

In this case, plaintiff has failed to affirmatively identify the LLCs, limited partnerships, and real estate investment trusts that comprise the membership of First States, or the members and citizenship of these undisclosed entities. Instead, plaintiff alleges that none of the members have a principal place of business in Tennessee, and that they are ultimately owned by a corporation. These jurisdictional allegations, however, do not differ qualitatively from the allegations that the Fifth Circuit found wanting in *Mullins, supra*. *See Mullins v. Testamerica, Inc.*, 300 Fed. Appx. 259 (5th Cir. Nov. 13, 2008) (unpubl.) (*Mullins I*). In *Mullins I*, the court remarked that

> Defendants' disclosure remains inadequate. **Defendants list numerous limited partners, including a limited liability company, several trusts, two limited partnerships, and several other businesses of unknown type, for which they**

5

> **provide no citizenship information**. Defendants' stated belief "[t]o the best of [their] knowledge" that none of these entities has members, partners, trustees, or principal places of business in Texas or is organized under Texas law falls manifestly short of distinctly and affirmatively alleging Sagaponack's citizenship.

*Mullins I, supra* (emphasis added).

In *Mullins*, the plaintiff, with defendant's assistance, ultimately established the citizenship of Sagaponack, a limited partnership, by identifying all 32 partners and setting forth their citizenship by further alleging the citizenship of the members of those partners that were themselves unincorporated associations. *See Mullins II, supra*.

Here, plaintiff and First States would have the court blindly accept their assurance that all of the undisclosed members of First State are ultimately owned by a Maryland corporation, with its principal place of business in New York. However, the parties cannot confer federal subject matter jurisdiction by waiver or consent. *Howery, supra*. Moreover, as in *Mullins I*, it is notable that First States' representation regarding the citizenship of its partners has evolved from one state, to two different states. *See Mullins, I* (citizenship of Sagaponack evolved from one state to more than eight states). Had plaintiff (with the assistance of First States) properly alleged First States' members and their citizenship, it is not unlikely that First States' citizenship would have expanded to additional, and potentially non-diverse, states.

This court is not unmoved by the onerous burden faced by a party invoking diversity jurisdiction when it is compelled to pierce multiple layers of unincorporated associations in order to affirmatively allege and establish citizenship. In similar circumstances, however, other courts have acknowledged their inability to relax this jurisdictional nicety, and have resorted to dismissal where the party invoking jurisdiction remains unable to penetrate the membership

thicket of an LLC. *See, Lawson v. Chrysler LLC*, 2009 WL 961226 (S.D. Miss. Apr. 7, 2009) (suit dismissed where plaintiff remained unable to discover members of Chrysler LLC's sub-member); *Lewis, supra* (suit dismissed where plaintiff failed to identify owners of defendant LLC).

In this case, the court has afforded plaintiff ample opportunity to affirmatively allege and establish diversity jurisdiction. However, plaintiff remains unable to identify all of the members of First States, or their citizenship. *See discussion, supra*. As the record now stands, and in light of plaintiff's implicit concession that its Third Amended Complaint represents its "best, complete, and final effort to establish jurisdiction," the undersigned is constrained to find that plaintiff has not satisfied its burden to establish federal subject matter jurisdiction, via diversity. *Howery, supra*; 28 U.S.C. § 1332.

Under these circumstances, where a party has been permitted an opportunity to amend its pleadings to allege the basis for diversity jurisdiction and still fails to do so, dismissal is warranted. *Patterson v. Patterson*, 808 F.2d 357, 358 (5th Cir. 1986); *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991) ("Failure adequately to allege the basis for diversity jurisdiction mandates dismissal."); Fed.R.Civ.P. 12(h)(3).[5] Furthermore, in the absence of

---

[5] The potential hardship imposed by this dismissal is ameliorated by the court's appreciation that plaintiff may re-file this matter in state court during the delays associated with this report and recommendation. Such a filing will help to ensure that the state court suit is not plagued by exceptions of prescription. *See*, La. Civ. Code Art. 3462; *Breaux v. Vicknair*, 507 So.2d 1242 (La. 1987); *Woods v. State, Dept. of Health and Hospitals*, 992 So.2d 1050, 1055 (La. App. 1st Cir.), *writ denied*, 996 So.2d 1133 (La. 2008).
    Also, although it is unfortunate that the parties will have to undergo the trouble and expense of re-filing the existing pleadings in the state court suit, much of the discovery and work performed here should readily transfer to the state court proceeding.

original subject matter jurisdiction, the court lacks supplemental jurisdiction over Regions' counterclaim and cross-claim. *See* 28 U.S.C. § 1367.[6] Accordingly,

    **IT IS RECOMMENDED** that the instant complaint, counterclaim, and cross-claim be **DISMISSED, without prejudice**. Fed.R.Civ.P. 12(h)(3).

    Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

    **A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

    THUS DONE AND SIGNED at Monroe, Louisiana, this 21st day of July 2011.

                                                        KAREN L. HAYES
                                                        U. S. MAGISTRATE JUDGE

---

[6] The counterclaim and cross-claim do not allege or establish a basis for original subject matter jurisdiction.